# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **J.F.**

**No. 23-208** (Harrison County CC-17-2022-JA-108)

## MEMORANDUM DECISION

Petitioner Father D.H.[1] appeals the Circuit Court of Harrison County's March 7, 2023, order terminating his parental and custodial rights to J.F, arguing that termination was error because less restrictive alternatives were available.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In June 2022, the DHS filed a petition detailing the child's behavioral issues in school and alleging that the child had at least thirty unexcused absences from school, constituting educational neglect. The petition further alleged that the petitioner had been incarcerated most of the child's life, constituting abandonment. Due to his absence, he was unable to provide for the child's educational and mental health needs. In August 2022, the DHS filed an amended petition, correcting the petitioner's first name and adding details regarding his multiple incarcerations.

In October 2022, the circuit court held an adjudicatory hearing and entered an accompanying order. The court noted that the petitioner was previously incarcerated for burglary and sexual battery. The court found that the petitioner was incarcerated for nearly half of the child's life due to his failure to register as a sex offender, which constituted a settled purpose to forego the duties and parental responsibilities to the child. Based upon its findings, the circuit court adjudicated the petitioner of neglecting the child by abandoning her.

---

[1] Petitioner appears by counsel Jonathan Fittro. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Allison McClure appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

In February 2023, the circuit court held a dispositional hearing at which it heard testimony from the child's mother, a Child Protective Services employee, and the petitioner. In its dispositional order, the court found that the petitioner was incarcerated for most of the child's life and had only seen the child once, shortly after her birth. The court noted that at the time of disposition, the child was in a residential treatment program due to her severe behavioral problems and that she could not face more disruption in her life. The court further noted that the petitioner was released from incarceration on January 16, 2023, and was on post-release supervision which disallowed him from leaving the State of Florida for six months. The court found that the petitioner had no relationship or bond with the child, as he had not been a consistent part of her life. The court further found that the petitioner never provided support for the child, that there was no reasonable likelihood that he could substantially correct the conditions of neglect, and that the child's welfare necessitated the termination of the petitioner's rights. Ultimately, the court terminated the petitioner's parental and custodial rights. It is from the dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court did not provide any explanation as to how termination was necessary for the welfare of the child. However, the court found in its dispositional order that the child was having severe behavioral problems and could not tolerate continued disruption in her life. This is in keeping with our prior holdings concerning a child's need for permanency and stability. "[T]here comes a time for decision [in an abuse and neglect proceeding], because a child deserves resolution and permanency in his or her life, and because part of that permanency must include at minimum a right to rely on his or her caretakers to be there to provide the basic nurturance of life." *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996); *see also In re Cecil T.*, 228 W. Va. at 99, 717 S.E.2d at 883 (asserting that abused and neglected children's need for permanency in a secure environment is paramount). The circuit court's efforts to expeditiously provide the child with permanency are not error; in fact, our case law repeatedly asserts that the child's permanency is of the utmost importance. Further, the petitioner suggests that termination was unnecessary because the mother retained some rights to the child, but this ignores our instruction that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the [other] parent completely intact, if the circumstances so warrant." *See In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). Accordingly, he can be entitled to no relief in this regard.

We further find no error in the court's conclusion that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future. As we have explained, termination of parental rights is appropriate upon this finding. Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). There is no reasonable likelihood that the conditions of neglect or abuse can be corrected when "the abusing parent or parents have abandoned the child." W. Va. Code § 49-4-604(d)(5). "'Abandonment' means any conduct that demonstrates the settled

---

[3] The mother was granted disposition pursuant to West Virginia Code § 49-4-604(c)(5). The permanency plan for the child is legal guardianship.

2

purpose to forego the duties and parental responsibilities to the child." *Id*. § 49-1-201. The circuit court explicitly adjudicated the petitioner of abandonment due to his absence in the child's life. The court determined that there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the future because the petitioner has demonstrated a settled purpose to forgo his parental responsibilities by spending most of the child's life incarcerated. *See* Syl. Pt. 3, *In re B.P.*, 249 W. Va. 274, 895 S.E.2d 129 (2023) (holding that a parent's absence in a child's life due to incarceration that results in an inability to provide necessaries for the child is a form of neglect under its statutory definition). Based upon the evidence, the court properly terminated the petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 7, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: May 13, 2024

**CONCURRED IN BY**:
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice C. Haley Bunn

BUNN, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.

3